**IN THE COURT OF APPEALS OF IOWA**

No. 17-1407
Filed December 6, 2017

**IN THE INTEREST OF**
**R.C., Minor Child,**

**A.C., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


A father appeals the juvenile court order terminating his parental rights.

**AFFIRMED.**



Thomas A. Hurd of Glazebrook & Hurd, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

ConGarry D. Williams, State Public Defender's Office, Des Moines,

guardian ad litem for minor child.



Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's rights. We also find termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

A.C., father, and M.C., mother, are the parents of a child, R.C., born in 2014. The parents have a history of substance abuse. The child was removed from the parents' care on July 28, 2016, after the mother became intoxicated and abandoned the child near an intersection. The mother was charged with public intoxication, child endangerment, and assault on a police officer. The father stated he had recently used methamphetamine and was not in a position to safely parent the child. On removal, a hair test of the child was positive for methamphetamine and marijuana. The child was placed in the care of a maternal great-aunt.

The child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2016). Until January 2017 the father had very limited contact with employees of the Iowa Department of Human Services (DHS). The child was hospitalized in February 2017 and restraints were necessary to keep the child from removing a tube in her nose. The parents removed one of the restraints, the young child removed the tubing, and medical personnel had to reinsert the tube, causing the child additional pain. In April 2017, DHS requested the father wear a drug patch and he refused. He did not

participate in substance abuse treatment or mental health counseling. The father was inconsistent in exercising visitation with the child.

On May 8, 2017, the State filed a petition seeking termination of the parents' rights. At the termination hearing, held on July 6, 2017, the juvenile court ordered the father to submit to a drug test that day. The test was positive for marijuana, amphetamine, and methamphetamine. The court terminated the father's parental rights under section 232.116(1)(h) (2017).[1] The court found termination was in the child's best interests, noting "ongoing concerns about the safety of the child if returned to the care of either parent." The father now appeals the termination of his parental rights.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The father claims there was not clear and convincing evidence in the record to support termination of his parental rights. He claims the State failed to meet its burden to show the child could not be returned to his care. He states he

---

[1] The mother's parental rights were also terminated. She has not appealed.

has a close bond with the child. He claims there was no evidence to show any substance abuse or mental health concerns would prevent him from caring for the child.

We find there is sufficient evidence in the record to support termination of the father's parental rights. At the time of removal, the father told social workers he could not safely parent the child because he had been using methamphetamine. He refused the only drug testing request during the case, in April 2017. He did not participate in treatment for substance abuse. On the day of the termination hearing, the father tested positive for multiple controlled substances. We conclude the evidence shows the child could not be safely returned to the father's care because he has not taken any steps to address his substance abuse issues.

## IV. Best Interests

The father claims termination of his parental rights is not in the child's best interests. In determining children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

We find termination of the father's parental rights is in the child's best interests. Although the child was removed in July 2016, the father had very limited contact with DHS until January 2017. Initially, he did not attend any visits or participate in any services. Even after he began attending visits with the child

in February 2017, he continued to be inconsistent in attendance—sometimes missing visits and sometimes arriving late.   The father's actions regarding visitation and in failing to address his substance abuse problems show he was unable to meet the needs of the child.

We affirm the decision of the juvenile court.

**AFFIRMED.**